# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RODNEY RUBISH,<br><br>        Petitioner,<br><br>    v.<br><br>M. S. EVANS,<br><br>        Respondent. | 1:05-CV-00687 LJO GSA HC<br><br>ORDER GRANTING FINAL EXTENSION<br>OF TIME TO FILE TRAVERSE<br><br>[Doc. #65] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On June 1, 2005, Petitioner filed the instant petition for writ of habeas corpus. Respondent filed an answer on September 22, 2005. For the past two years, the Court has waited for Petitioner to file his traverse. The Court has granted numerous extensions of time to Petitioner due to alleged medical problems, lost/missing legal files, and actions taken by prison staff.  These allegations resulted in the appointment of the Federal Defender's office on January 11, 2007, for the limited purpose of securing the legal documentation that Petitioner complained had been taken from him by prison staff and which he stated was necessary to complete his traverse. On July 16, 2007, the Federal Defender filed a status report which stated Petitioner had acknowledged he had received all of the materials secured by the Office of the Federal Defender. Because the purpose of the appointment had been fulfilled, the Federal Defender's request to be relieved as counsel was granted.

1  In addition, Petitioner was granted sixty additional days to file his traverse.

2  On October 1, 2007, Petitioner filed the instant motion to extend time by an additional 120 days. For the following reasons, the request will be partially granted. First as stated above, this case has been stalled for over two years awaiting Petitioner's traverse. Petitioner alleged an inability to timely file his traverse because his legal files had been taken from him. As of July 16, 2007, that impediment was removed. Thus there is no apparent reason why Petitioner cannot timely file his traverse now. In his motion, he claims he needs at least 120 days so he can secure outside counsel ostensibly to begin a new round of review. This is out of the question. Petitioner also complains he still cannot complete his traverse because of interferences by the staff. This allegation is belied by the fact that he obviously had the time and means to complete the instant motion which is some 19 pages long with an additional 51 pages of compiled exhibits. Rather than work on composing the history of his travails with prison staff, he should have used this time to accomplish his traverse.

Accordingly, IT IS HEREBY ORDERED that Petitioner is granted one final extension of time to file his traverse. The deadline for filing is set for thirty (30) days from the date of service of this order. *No further extensions will be granted*. In the event a traverse is not filed in the allotted time, the Court will proceed to a review of the merits of the case.

IT IS SO ORDERED.

Dated:   **October 24, 2007**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE