1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12  ROBERT RODNEY RUBISH,                    )    1:05-CV-00687 LJO GSA HC
                                            )
13              Petitioner,                  )    ORDER CONSTRUING MOTION AS
                                            )    MOTION FOR EXTENSION OF TIME AND
14      v.                                   )    GRANTING MOTION FOR EXTENSION OF
                                            )    TIME
15                                           )    [Doc. #83]
                                            )
16  M. S. EVANS, Warden,                     )    ORDER DENYING MOTIONS
                                            )    [Docs. #84, 85]
17              Respondent.                  )
    _____)

18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21          On December 18, 2007, the Magistrate Judge issued a Findings and Recommendation which

22  recommended the petition be denied. The parties were granted thirty (30) days to file objections. On

23  February 7, 2008, the Court considered numerous miscellaneous motions filed by Petitioner, and all

24  motions were denied. Nevertheless, Petitioner was granted a thirty-day extension of time to file his

25  objections. Since then, Petitioner has filed three additional motions.

26          On February 14, 2008, he filed a motion entitled "Ex Parte Motion Appeal to Circuit Judge

27  L.J. O'Neil." The motion is a narrative of his difficulties in preparing a response to the Findings and

28  Recommendation. Upon review of the motion, certain points must be made. First, Petitioner

mentions he intends to file a second traverse. Petitioner is advised that a second traverse will not be considered. Second, Petitioner states he intends to file motions to amend to include additional claims and for stay and abeyance. The Court has already considered these motions, and they were denied. They will not be considered again. Third, Petitioner complains that he should be appointed counsel. Again, this claim has already been considered and denied. Fourth, Petitioner repeatedly complains of the conditions of his confinement, specifically, his treatment by prison staff. Petitioner is advised that this is not the appropriate forum for such complaints. He must bring them in a separate civil rights action. To the extent that Petitioner is experiencing difficulties in timely preparing his objections, the Court will construe his motion as a request for an extension of time, and the extension will be granted.

On February 19, 2008, Petitioner filed a motion entitled, "Ex Parte to Judge L. J. O'Neil Re: Tampered Motion of February 7, 08 Disassembled by CDCR Staff Member Intent Unk." It appears that Petitioner is complaining that a document he mailed to the F.B.I. was tampered with or misplaced. Why this is relevant to this case, it is not known. Rather than exhaust his time and effort with these tangential issues, Petitioner is advised he should devote his time and effort to the preparation of his objections. It is a great waste of judicial resources to wade through countless pages of narrative recounting Petitioner's travails with prison staff, and it will not be tolerated.

On March 24, 2008, Petitioner filed a motion entitled, "Ex Parte Motion for Magistrate Judge L. J. O'Neill Reconsider the Denial of a Court Order for Access to Mandated Adequate Law so that Petitioner Can Rebut What He Is Being Rebutted With, Investigation, Discovery, Amendment Due to Good Cause, Extension of Time." Petitioner again complains about the failure of prison staff to mail an item to the Justice Department. He also seeks reconsideration of the Court's denial of his requests for further discovery, investigation, and amendment. Petitioner's request for reconsideration is DENIED. He also complains that his access to legal materials has been less than adequate. As stated above, these complaints are not properly brought in a habeas action. They must be raised in a civil rights complaint. Insofar as his efforts have been delayed, he will be granted an extension of time to file objections.

1

**ORDER**

2

Accordingly, IT IS HEREBY ORDERED:

3

1) Petitioner's miscellaneous motions are DENIED; and

4

2) Petitioner's "ex parte" motion is CONSTRUED as a motion for extension of time, and

5

Petitioner is GRANTED an extension of time of thirty (30) days from the date of service of this order

6

to file objections.

7

IT IS SO ORDERED.

8

**Dated:     March 25, 2008            /s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28